## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 19-11659-MER |
| Lake Loveland Dermatology, P.C. | ) | Chapter 11 |
| Tax ID/EIN: 84-0825679 | ) | |
| | ) | |
| _____Debtor._____ | ) | _____ |
| Lake Loveland Dermatology, P.C. | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 19-1233-MER |
| v. | ) | |
| | ) | |
| 790 Eisenhower, LLC | ) | |
| Defendant. | ) | |

---

### DEFENDANT'S STATEMENT REGARDING JURISDICTION

---

Defendant 790 Eisenhower, LLC ("**Eisenhower**"), by and through its undersigned counsel, hereby submits this Statement Regarding Jurisdiction in accordance with this Court's Order (Docket No. 18).   In response, Eisenhower hereby states as follows:

### BACKGROUND

1.      On June 1, 2016, LLD as tenant, and Eisenhower as landlord and owner, entered into a Lease Agreement ("**2016 Lease**") for certain nonresidential real property known by street address as 776 W. Eisenhower Boulevard, Loveland, Colorado 80537 ("**Loveland Premises**").

2.      Debtor-in-possession Lake Loveland Dermatology, P.C. ("**LLD**") commenced this adversary proceeding against Eisenhower on August 9, 2019.  On August 30, 2019, Eisenhower filed its Motion to Dismiss Adversary Complaint ("**Motion to Dismiss**").

{Z0299466/2 }                                                    1

3.      On November 13, 2019, this Court entered its Order (Docket No. 176; Lead Case No. 19-11650-MER) awarding "immediate possession" of the Loveland Premises to Eisenhower and deeming the 2016 Lease rejected.

4.      On November 15, 2019, LLD filed a Notice of Appeal, which was subsequently docketed in the U.S. District Court for the District of Colorado at Case No. 19-cv-03250-REB.

5.      After obtaining a one week extension of time, LLD also filed a Motion to Reconsider Pursuant to Rules 7052 and 9023, or, in the Alternative, to Clarify Order ("**Motion to Reconsider**") (Docket No. 188 in lead case no. 19-11650-MER).  Eisenhower timely filed its Objection to Motion to Reconsider on December 17, 2019.  On December 31, 2019, this Court entered its Order denying the Motion to Reconsider.  *See* Order (Docket No. 196; Lead Case No. 19-11650-MER).

6.      On December 19, 2019, the Court entered its Order directing each party to file "separate statements informing the Court as to the effect, if any, of the pending appeal on this Court's jurisdiction over the matters presented in the Motion to Dismiss."

### STATEMENT

7.      Eisenhower asserts that the pending appeal does not impact this Court's jurisdiction over the matters presented in the Motion to Dismiss.  LLD's appeal of the Order for Possession to determine what "immediate" means under 11 U.S.C. § 365(d)(4)(A) does not impact this Court's jurisdiction to address the pending Motion to Dismiss LLD's claims in this proceeding.

8.      Generally, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the bankruptcy court of its control over those aspects of the case involved in the appeal.  *See Henderson v. Ray*, 164 Fed. Appx. 760 (10th Cir. 2006) (citing *Griggs v. Provident*

{Z0299466/2 }                                   2

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *Lancaster v. Indep. School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (filing of a notice of appeal divests district court of jurisdiction over any issues on appeal and the bankruptcy court retains jurisdiction over collateral matters).

9.      Under the Rule 8002(b)(1) of the Federal Rules of Bankruptcy Procedure, the time to file an appeal runs for all parties from the entry of the last such remaining motion to alter or amend the judgment under Rule 9023, among others.  *See* F.R.B.P. 8002(b)(1).  Here, LLD filed its notice of appeal of the Order for Possession, and then filed its Motion to Reconsider the same with this Court.  After entry of the Order denying the Motion to Consider, the appeal of the Order for Possession became effective.

10.      Notwithstanding the appeal, this Court retains jurisdiction over this separate adversary proceeding and the pending Motion to Dismiss.  LLD has not sought or obtained a stay of the Order for Possession pending appeal, and the Order for Possession is fully enforceable.  It is well-established that, absent a stay pending appeal, bankruptcy courts retain jurisdiction "to decide issues and proceedings different from and collateral to those involved in the appeal."  *See In re Board of Dirs. Of Hopewell Int'l Ins. Ltd.*, 258 B.R. 580, 583 (Bankr. S.D.N.Y. 2001) (citing *In re Allen-Main Assocs., Ltd. P'ship*, 243 B.R. 606, 608-09 (D. Conn. 1998)).  A bankruptcy court also retains jurisdiction, absent a stay pending appeal, to enforce the order or judgment appealed from, because in so doing, "the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review." *Hopewell*, 258 B.R. at 583 (quoting *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994), *appeal dismissed*, 59 F.3d 327 (2d Cir. 1995)).

{Z0299466/2 }                                    3

11.     The Motion to Dismiss seeks dismissal of each claim in LLD's Complaint for failing to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012. The issue on appeal is whether this Court "erred when ruling that [LLD] must immediately surrender the [Loveland Premises] when doing so would moot a pending adversary claim, deny [LLD] due process, and undermine the essential medical care of numerous patients."  Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal (Docket No. 184; Lead Case No. 19-11650-MER).  The appeal of the Order for Possession is completely different from Eisenhower's request to dismiss the adversary claims herein, and this Court maintains jurisdiction over this separate proceeding.

12.     At best, the issue of whether the Order for Possession moots a claim in this proceeding is collateral to the issue of what "immediate" means on appeal.  If any portion of this adversary proceeding is mooted by LLD's own appeal, such a result does not divest the jurisdiction of this Court to determine the pending Motion to Dismiss for failing to state cognizable claims for relief.

13.     Therefore, Eisenhower states that LLD's appeal of the Order for Possession does not deprive this court of jurisdiction over determining the Motion to Dismiss this adversary proceeding.

**WHEREFORE**, Eisenhower states this Court has jurisdiction over the matters presented in the Motion to Dismiss.

DATED this 2nd day of January, 2020.

SENN VISCIANO CANGES, P.C.

/s/ *Frank W. Visciano*
Frank Visciano
1700 Lincoln Street, Suite 4300
Denver, CO 80203
Phone Number: (303) 298-1122
fvisciano@sennlaw.com

MARKUS WILLIAMS YOUNG & HUNSICKER

/s/*Matthew T. Faga*
Matthew T. Faga
1700 Lincoln Street, Suite 4500
Denver, CO  80203
Phone Number: (303) 318-0120
mfaga@markuswilliams.com

***CO-COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I certify that on January 2, 2020, a true and correct copy of the foregoing **DEFENDANT'S STATEMENT REGARDING JURISDICTION** was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1 on the parties listed below:

**Via CM/ECF**

| | |
|---|---|
| Jordan D. Factor | Frank W. Visciano |
| jfactor@allen-vellone.com | fvisciano@sennlaw.com |
| | |
| Michael T Gilbert | |
| mgilbert@allen-vellone.com | |

/s/ *Jessica Anderson*
Jessica Anderson, Legal Assistant